■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE GRANT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered January 3, 1990, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The record demonstrates that, during the direct examination of the prosecution witnesses and over the protestations of the defense counsel, the Trial Justice repeatedly assumed the function of a prosecutor so as to deprive the defendant of a fair trial and undermine the sense of impartiality which should surround every judicial proceeding (see, People v Yut Wai Tom, 53 NY2d 44; People v De Jesus, 42 NY2d 519). The Trial Justice continuously interrupted the prosecutor during the direct examination of witnesses and developed extensive portions of the identification testimony. Further, his questions and comments were susceptible of being interpreted as expressing a belief that the complainant's testimony was credible and that the People's case was strong. Given these circumstances, we find that the potential for prejudice created by the Trial Justice's conduct was not obviated by his instruction to the jury not to consider his questions and comments as indicating that he had any opinion with respect to the case (see, People v Yut Wai Tom, supra). Accordingly, there must be a new trial.

In view of the foregoing, we find it unnecessary to consider the defendant's remaining contentions. Bracken, J. P., Sullivan, Rosenblatt and Lawrence, JJ., concur.